IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY J. STEFANAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

Civil Action No. 08-1462

## OPINION AND JUDGMENT ORDER

Gary L. Lancaster,
Chief Judge.

February 5, 2010

  This is an appeal from the final decision of the Commissioner of Social Security denying plaintiff's claim for Disability Insurance Benefits under Title II of the Social Security Act. Jurisdiction is proper pursuant to 42 U.S.C. § 405 (g). Plaintiff, Terry J. Stefanak, alleges that the Administrative Law Judge's ("ALJ") decision that he is not disabled, and therefore not entitled to Disability Insurance Benefits, should be reversed or at least remanded.

  Plaintiff protectively filed an application for Disability Insurance Benefits on July 22, 2005 alleging that he had been unable to work since May 28, 2005 due to a left wrist injury. (R. 52-55). After the claim was denied, a hearing was held before the ALJ at which Plaintiff, who was represented by counsel, testified as well as an impartial vocational expert. (R. at 32-35, 274-303). On May 21, 2007, the ALJ found that plaintiff was not disabled. (R. 16-24). Plaintiff submitted additional evidence to the Appeals Council, who denied plaintiff's request for review on August 25, 2008. (R. at 5-7). After thus exhausting his administrative remedies, plaintiff commenced this action against the Commissioner pursuant to 42 U.S.C. § 405 (g).

  When resolving the issue of whether a claimant is disabled and whether a claimant is entitled to DIB benefits, the Social Security Administration applies a five step analysis. 20

C.F.R. § 404.1520 (a). The ALJ must determine: (1) whether the claimant is currently engaging in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment whether it meets or equals the criteria listed in 20 C.F.R. pt. 404. subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. In all but the final step, the burden of proof is on the claimant. Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case, the ALJ made the following findings in his decision of December 7, 2005:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 25, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since May 28, 2005, the alleged onset date. (20 CFR 404.1520(b) and 404.1572 *et seq.*).
>
> 3. The claimant has the following severe impairments: left radial nerve sensory neuropathy, depression and anxiety. (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry up to 5 pounds with the left upper extremity and up to 20 pounds occasionally and ten pounds frequently with his right upper extremity; stand and/or walk six hours each work day; and sit the entire workday. The claimant is limited nonexertionally in that due to his psychologically based symptoms, he should avoid complex and detailed tasks and instructions as found in skilled and semi-skilled work, but can understand, remember and carry out simple tasks and instructions. He cannot do any overhead reaching with his left upper extremity.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on February 6, 1958 and was 47 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 28, 2005 through the date of this decision (20 CFR 404.1520(g)).

(R. 18-24).

In support of his motion for summary judgment, Plaintiff makes four arguments. First, he contends that the ALJ erred in relying on a daily activities questionnaire that was over twenty-one months old. (Br. for Plaintiff at 5). Second, he argues that the ALJ mischaracterized evidence of his panic attacks. (*Id.* at 7). Third, he argues that the ALJ failed to adequately explain his acceptance of one of Plaintiff's GAF scores. (*Id.* at 8). Finally, Plaintiff contends that the ALJ erred in giving inappropriate weight to the opinion of a non-examining, non-medical source. (*Id.* at 8-9). The Court will proceed to address each argument.

Plaintiff's argument with respect to the daily activities questionnaire asserts that the ALJ failed to give proper weight to Plaintiff's subjective complaints of pain and anxiety. In his brief, Plaintiff contends that the ALJ should not have given weight to the daily activities questionnaire because it was from the beginning of Plaintiff's alleged period of disability and because his level of activity, as testified to, was "sporadic and transitory." The Third Circuit standard for

3

consideration of complaints of subjective pain requires, "(1) that subjective complaints of pain be seriously considered, even where not fully confirmed by objective medical evidence...(2) that subjective pain 'may support a claim for disability benefits'...(3) that when such complaints are supported by medical evidence, they should be given great weight...and finally (4) that where a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence." *Ferguson v. Schweiker,* 765 F.2d 31, 37 (1985) (internal citations omitted). There are a number of non-medical factors that may be considered when determining a plaintiff's credibility, including statements by plaintiff, daily activities, and efforts to work. 20 C.F.R. §§404.1529, 416.929.

The ALJ did not improperly assess Plaintiff's credibility. While he indicated that discrepancies between early written documentation and the testimony along with contradictions between Plaintiff's testimony and the medical record "reflected poorly on the claimant's overall credibility," he also undertook a thorough discussion of the medical evidence supporting his determination. (R. 21). The ALJ discussed Plaintiff's treatment for the laceration he received from a miter saw in May 2005, including the initial surgery and a follow-up in July 2005 which indicated a full range of motion and superficial radial nerve injury. (R. 21, 112-113). He further noted Plaintiff's two follow-up surgeries, one in December 2005 and one in March 2007. Following the first surgery, there was appropriate healing of the wound and Plaintiff's doctor reported that he had good range of motion. (R. 21, 200). Full range of motion was also noted ten days after the second surgery. (R. 21, 238). During most of this period, Plaintiff underwent physical and occupational therapy for his wrist. Since this injury and the resulting surgeries began with an injury to Plaintiff's left wrist, it was appropriate for the ALJ to note that there was significant discrepancy between Plaintiff's initial reports of activity immediately following the injury and those at the time of the hearing. It does not follow, when taking into account the medical records, that Plaintiff would be capable of regularly performing multiple activities in the months immediately following the injury and then be able to perform few, if any, in later periods.

In conjunction with the argument concerning his activities report, Plaintiff suggests that the ALJ mischaracterized evidence of his panic attacks. Plaintiff was treated for anxiety and depression on two occasions in April 2007 by a counselor. (R. 243-244). He reported to the

4

counselor that he had "one full panic attack," but testified at the hearing that he had attacks "sometimes...every day, sometimes I go a couple of days without it." (R. 244, 288). Plaintiff had no other counseling sessions after April 2007. Based on this discrepancy and the lack of any further treatment records, it was not inappropriate for the ALJ to rely on this evidence in support of his determination of Plaintiff's credibility.

Plaintiff's next argument relates to two GAF scores that were assessed during the two counseling sessions in April 2007. In his opinion, the ALJ noted the assessment of a GAF of 65 indicating "some mild symptoms."[1] The ALJ noted that this GAF was supported by complaints of "financial worries and worries about his wife's health." (R. 21). Plaintiff argues that the ALJ erred in not mentioning a second GAF score of 55 assessed a few days later. While the ALJ failed to discuss this score, the record accompanying it contained no support for this assessment nor did it contain any mention of specific limitations. *See Gilroy v. Astrue,* 2009 WL 3720580, * 1 (3d Cir. November 9, 2009)(noting that where a GAF of 45 was assessed, it was not in error for the ALJ not to comment on the score when no evidence of specific limitations was in the accompanying report or records.) Moreover, a GAF score of 55 only generally indicates moderate symptoms, the likes of which would not support a finding of disability.

Finally, Plaintiff argues that the ALJ gave inappropriate weight to a non-examining, non-medical source over that of Plaintiff's treating physician. First, it must be noted that the ALJ

---

[1] The Global Assessment of Functioning Scale ("GAF") assesses an individual's psychological, social and occupational functioning with a score of 1 being the lowest and a score of 100 being the highest.  A GAF score of between 61-70 denotes "some mild symptoms."  The GAF score considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness."  American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) 34 (4th ed. 2000).  An individual with a GAF score of 60 may have "[m]oderate symptoms" or "moderate difficulty in social, occupational, or school functioning;" of 50 may have "[s]erious symptoms (e.g., suicidal ideation . . . .)" or "impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job);" of 40 may have "[s]ome impairment in reality testing or communication" or "major impairment in several areas, such as work or school, family relations, judgment, thinking or mood; of 30 may have behavior "considerably influenced by delusions or hallucinations" or "serious impairment in communication or judgment (e.g., . . . suicidal preoccupation)" or "inability to function in almost all areas . . .;  of 20 "[s]ome danger of hurting self or others . . . or occasionally fails to maintain minimal personal hygiene . . . or gross impairment in communication . . . ." Id.

clearly stated in his opinion that the "weight he accorded the state agency medical and psychological consultants, was not a controlling weight." (R. 22). Although Plaintiff suggests otherwise, the ALJ did not rely on or give controlling weight to any state agency medical or psychological consultant, medically-acceptable or otherwise. (R. 22). Therefore, although Plaintiff contends that the fact that the adjudicator's opinion conflicts with his treating physician's merits reversal, this argument is most definitely meritless. Furthermore, the ALJ thoroughly discussed plaintiff's medical records, as noted above, and they do not support a finding that any opinion suggesting disability based on wrist pain and depression/anxiety is entitled to great weight.

After considering all of the arguments of Plaintiff, the Court must affirm the decision of the Commissioner under 42 U.S.C. §405 (g).

AND NOW, this 5th day of February, 2010, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

BY THE COURT:

cc:    All Counsel of Record

6